No. 96-585

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

CHRISTINE L. ULLMAN,

Petitioner and Appellant,

and

FORREST C. ULLMAN,

Respondent and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and for the County of Sweet Grass,
                The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Christine L. Ullman, Billings, Montana (pro se)

        For Respondent:

                William F. Frazier, Jr., Swandal, Douglass, Frazier & Gilbert,
                Livingston, Montana

Submitted on Briefs: February 6, 1997

Decided: April 24, 1997

Filed:

Clerk

**MEMORANDUM**

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal, pro se, by Christine L. Ullman. While it is difficult to determine what issues Christine is raising, it appears that she is in disagreement with the trial court's denial of her post-judgment motions for new trial and fundamentally, she disagrees with the property distribution. We affirm.

This case has a tortured history spanning some four years in two courts, before four different judges, and with Christine being represented by five different attorneys. Without going into detail, this case came to trial on Christine's petition for dissolution on May 22, 1996. At that time, both Christine and her husband Forrest, appeared personally and were represented by counsel. Prior to the start of trial, counsel advised the court that the parties had reached an agreement as to the distribution of their marital estate and all remaining matters involved therein. The parties' agreement was placed on the record and both parties and counsel agreed that the recitation of the settlement was correct. After proof, the court entered findings of fact, conclusions of law and a final decree of dissolution. The court specifically concluded that the settlement agreement placed on the record was not unconscionable and was a fair and equitable distribution of the remainder of the parties'

2

marital estate.

Following entry of the court's findings of fact, conclusions of law and decree, Christine, pro se, filed a motion for new trial on July 12, 1996, pursuant to Rules 59(a) and 60(b), M.R.Civ.P. Christine's motion was supported by briefs and affidavits. Forrest, through counsel, responded with his own brief and a copy of the transcript of the proceedings held before the court on May 22, 1996. Neither party requested oral argument and, on the basis of the briefs, affidavits and case file, the court denied Christine's Rule 59 and 60 motions, along with her petition for contempt under § 3-1-501, MCA, and her request for attorney fees and costs.

We have reviewed the record in this case and Judge Christensen's September 24, 1996 order denying Christine's post-judgment motions, along with his supporting memorandum. Based upon our review, and despite Christine's basic contention that she was in "shock" and did not understand the parties' settlement agreement on May 22, 1996, we conclude that she was adequately represented by counsel; that the trial court made a concerted effort to ascertain whether she understood the terms of the settlement agreement and agreed to those terms; and that she believed that the settlement was fair, equitable and not unconscionable. We also note that the terms of the negotiated settlement were incorporated in the District Court's May 31, 1996 findings of fact, conclusions of law and decree, and that those were drafted by Christine's counsel and approved by Forrest's counsel before being submitted to the court.

3

In the District Court's order denying petitioner's post-judgment motions, dated September 24, 1996, Judge Christensen took pains to discuss the procedural history of this case and the genesis, rationale and justification for the settlement agreement which the parties entered into. The court concluded, as do we, that Christine understood and agreed to the settlement entered on the record on May 22, 1996, and that there was no legal basis on which her motions to reopen or modify the decree could be granted.

Having reviewed the entire record in this case, we conclude that there was no reversible error committed by the trial court and we agree with the court's rationale and decision in its September 24, 1996 order.

Affirmed.

Chief Justice

Justices

4